PER CURIAM.
It is conceded that it was error to award specific acreage as part of an equitable distribution to the wife rather than the equivalent cash value of her share of appreciation, during the marriage, of the husband’s separate property. Title to that property is in a corporation in which the husband is a minority shareholder and which is not a party. Therefore, we reverse and remand for the trial court to enter a monetary award to the wife.
We also note for the trial court, on remand, that a question has been raised with respect to computing the total award to the wife. We find no abuse of discretion in the trial court’s determination on the facts presented to it that all the marital appreciation was subject to equitable distribution. Its calculation of the amount, however, included the $67,500 value of a residence, owned during the marriage by the husband and his mother. This is patently in error as the residence was not deemed a marital asset by the court as apparently it did not increase in value during the marriage. On remand, the trial court should modify the final judgment to show that the value of the marital property subject to distribution to is $814,209, the wife’s share is $407,104.50, the husband is entitled to a credit of $33,750 for conveying his one-half interest in the residence, leaving a balance of $373,354.50 now due the wife, toward which the husband may receive an additional $33,750 credit, as provided in the amended final judgment, if his mother also conveys her half interest in the residence to the wife.
In all other respects, the judgment is affirmed.
STONE, POLEN and KLEIN, JJ., concur.